IN THE UNITED DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

2019 JAN 31  A 10: 56

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **LUIS ARIAS**<br>5404 Sideburn Road<br>Fairfax, Virginia 22032<br><br>    Plaintiff,<br><br>V.<br><br>**WILMINGTON TRUST N.A. SUCCESSOR**<br>**TRUSTEE TO CITIBANK**<br>**N.A. AS TRUSTEE FOR BEAR STEARNS**<br>**ALT-A TRUSTE 2006-4, MORTGAGE PASS**<br>**THROUGH CERTIFICATES, SERIES 2006-4**<br>One M&T Plaza, 8th Floor<br>Buffalo, New York 14203<br><br>    SERVE: CORPORATION SERVICE CO<br>             Registered Agent<br>             100 Shockhoe Slip<br>             2nd Floor<br>             Richmond, Virginia 23060<br><br>    Defendants. | Case No.: 1:19-CV-00115(TSE/JFA) |

## COMPLAINT

COMES NOW, Luis Arias, pro se, and this Complaint against the Defendant and offers for consideration of this Court, the following:

### PRELIMINARY STATEMENT

1. This is an action seeking damages arising from Defendant's unlawful attempts to collect delinquent home mortgage debt allegedly owed by Plaintiff. Plaintiff alleges that Defendants; a mortgage insurer, loan servicer, debt collector law firm, a purported investor of distressed homes, and the purported substitute trustee under the Deed of Trust engaged in

numerous violations of state and federal law in that they: 1) initiated foreclosure activities when they had no present right to possession of the property, 2) knowingly made a series of false statements and representation in connection with the collection of the debt and of the alleged foreclosure and attempted foreclosure of Plaintiff's home, and 3) failed to identify the names of the creditors to whom the alleged debts were owed, all in violation of the Federal Collection Practices Act ("FDCPA'), 15 U.S.C. §§ et seq. Plaintiff further alleges that Defendants acted fraudulently in that they knowingly submitted false evidence and certified false pleadings to the Fairfax County Circuit Court in connection with the collection of debt and foreclosure of Plaintiff's residence in their effort to rush through the foreclosure process. Moreover, Plaintiff alleges that Defendants engaged in a civil conspiracy to violate Virginia law.

2. Defendants as conspirators discovered in the foreclosure process that the Assignment could not actually be located, or that certain Assignment did not assign with retroactive effective dates. To solve this problem a new Assignment was made and recorded.

3. Defendants prepared, dated, notarized the assignment of Deed of Trust and such assignment was made explicitly fraudulent to facilitate substitution of trustee and non-judicial foreclosure action.

4. Defendants filed a foreclosure action against Plaintiff under false pretenses.

5. Plaintiff Luis Arias is a natural person who resides at 5404 sideburn Road, Fairfax, Virginia 22032

6. Upon information and belief, defendant WILMINGTON TRUST, N.A. SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE FOR BEAR STEARNS ALT-A TRUSTE 2006-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006- is National Associations, hereinafter ("WTN") and is licensed to operate in the Commonwealth of Virginia and regularly transact business in buying, selling, securitizing, and/or servicing mortgages in this state, specifically for the property in this complaint. Its main place of business is located in Buffalo, New York.

## II. JURISDICTION AND VENUE

7. This Court may exercise personal jurisdiction over the Defendants in this action because they transacted business, including the transactions at issue in the present

matter, within the Commonwealth of Virginia.

8. Venue is appropriate in this Court pursuant to Virginia Code 8.01-261 (3)(b) because this suit concerns real property located in Loudoun County, Virginia.

### III. FACTS

9. On or about February 28, 2006 Plaintiff signed a promissory note and Deed of Trust with WTN as beneficiary, securing the aforementioned real property. (At which time, the Defendant was licensed to do business in Virginia)

8. On January 24, 2019 Defendant's agent WTNsent a letter to Plaintiff demanding to vacate the property within (3) days after the receipt of letter posted a notice of Plaintiff's home.

9. On the same date Defendant an agent from the Defendant made in person demands to vacate the property or face consequences to all the occupants of the property.

10. The demands made by the agent were made at the direction of Defendant.

11. On January 24, 2019 Defendant initiated a unlawful detainer action at the Fairfax County General District Court.

### JUDICIAL NOTICE

12. Under the Federal Rules of Evidence 1002 and 1003 governing admissibility of duplicates, any photocopies brought in as evidence are considered to be forgeries. It is unfair to admit a photocopy in the place of an original as there is information contained within the original that is not a photocopy, specifically the only legally binding chain of title to the promissory note.

13. Under the Uniform Commercial Code – ARTICLE 3-δ -3-308, all signatures presented that are not on a original format (with the original wet ink signature) are hereby denied and inadmissible.

14. Uniform Trial Court Rule 2 060-

### ENTERING JUDGMENT ON A NEGOTIABLE INSTRUMENT

15. In all case when a judgment is to be based on a negotiable instrument, the party with

custody of the original instrument must tender such instrument to the court before the entry of judgment, and the court must enter a notation of the judgment on the face of the instrument.

16. The trial court administrator shall return the original instrument only after filing a certified copy of the instrument.

## WILMINGTON TRUST, N.A. SUCCESSOR TRUSTEE TO CITIBANK IS A DEBT COLLECTOR

17. Defendant is a national association that is focused on collection of debts, hereafter ("WTN")

18.. In the furtherance of their illegal behavior, Defendant recorded a defective Appointment of Substitute Trustee at land records of Fairfax County.

19. The Substitution of Trustee document fails to meet the requirements to be properly recorded at land records of Fairfax County, Virginia: fails to identify on the basis of satisfactory evidence that the person whose name is subscribed to the within document and acknowledged that she executed the same in her authorized capacity and that by her signature on the instrument executed the document as attorney in-fact and as officer of Wells Fargo Home Mortgage.

20. The false Appointment of Substitute Trustee recorded at Land Records of Fairfax County at the behest and direction of Defendants constituting a felony (Va. Code 18.2-168 and fraud upon the court. (Va. Code § 8.01-428(A) and (D).

21. The appointment of Substitute Trustee unenforceable and void as a matter of law as it was not executed by secured party.

22. Defendant advertises that it focuses in real estate law and creditor's rights, more specifically that: Defendats provides loan servicing

23. Defendant regularly collects home loan debts.

24. Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers' reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

25. Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e (11), requires that

debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

26. Defendant regularly attempts to provide the verification of debts required by the FDCPA, at U.S.C. § 1692g(b), upon written request from consumers.

## COUNT ONE:
## DECLARATORY RELIEF

27. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28. Defendants failed to identified the "secured parties" in violation of Virginia law (Va. Code § 55-48).

29. The false Appointment of Substitute Trustee recorded at Land Records of Fairfax County at the behest and direction of Defendants constituting a felony (Va. Code 18.2-168 and fraud upon the court. (va. Code § 8.01-428 (A) and (D).

30. The Notarial acknowledgment of the Appointment of Substitute Trustee is invalid and does not conform with the notarial requirements of Virginia to be duly recorded at land records of Fairfax County, Virginia.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor and against Defendants, jointly and severally, granting the following relief:

A. Enter a Temporary Restraining Order preserving the status quo, by restraining and enjoining any eviction proceeding, pending a hearing relative to Plaintiffs request for a Preliminary Injunction;

B. Enter an Order declaring Appointment of Substitute Trustee dated March 9, 2016 is invalid, void and of no force to appoint anyone as substitute trustee.

## COUNT TWO:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § §1692 e(2)(A)

31. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 e(2)(A) by their actions, which include but are not limited to, the false representation of the charcter, amount or legal status of the debt.

33. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT THREE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g(a)(4)

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. By including in Exhibit E, a purported § 1692g (a)(3) disclosure that contains the statement indicating the truthful, genuine and valid secured creditor. Defendant contradicted and create confusion as to the § 1692g(a)(4) disclosure, which requires written communication by the consumer to the debt collector in order to invoke the § 1692g(a)(4) rights, and it so doing violated 15 U.S.C. § 1692g.

36. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT FOUR:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

37. Plaintiff restates each of the allegations in the proceeding paragraphs as set forth at length herein.

38. By failing to state the correct name of the creditor or similar language in the required § 1692g(3) Defendant used false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

39. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT FIVE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

40. Plaintiff restates each of the allegations in the preceding paragraph as it set forth at length herein.

41. By falsely stating in Exhibit E an incorrect name of the creditor, Defendant used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

42. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT SIX:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

43. Plaintiff restates each of the allegation in the proceeding paragraphs as it set forth at length herein.

44. By omitting in Exhibit E the name of the creditor, Defendant used false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

45. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT SEVEN:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692 e(5)

46. Plaintiff restates each of the allegation in the proceeding paragraphs as it set forth at length herein.

47. Defendants violated the Fair Debt Collection Practices Act.15 U.S.C. § 1692 e(5) by their actions, which include, but are not limited to, threat to take any action that cannot legally be taken or that is intended to be taken,

48. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT EIGHT:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692 f(1)

49. Plaintiff restates each of the allegation in the proceeding paragraphs as it set forth at length herein.

50. Defendants violated the Fair Debt Collection Practices Act.15 U.S.C. § 1692 f(1) by their actions, which include, but are not limited to, taking or threatening to take non-judicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest.

51. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as reasonably attorney's fees and costs, pursuant to 15 U.S.C. § 1692k when engaged.

## COUNT NINE
## (WRONGFUL EVICTION )

52 . Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.51. Defendants have commenced a foreclosure proceeding against the Plaintiff in violation of the law.

53. The initiation of the foreclosure proceeding by the Defendants was either negligent or wanton, depending on proof adduced at trial.

54. As a result thereof, Defendants are liable for all natural, proximate and consequential damages due to their actions including and award of punitive damages upon proper evidentiary showing.

## COUNT TEN
## (COMMON LAW FRAUD)

55. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

56. This action will determine the rights of the parties to the Property.

57. Defendants have acted as if it had the authority to collect from Plaintiff..

58. Defendants, by their misrepresentation and without establishing their standing, or demonstrating to the Plaintiff, and the judicial system and the Court of the Commonwealth of Virginia that Defendants are true parties in interest, have fraudulently set themselves up as having the right to collect illegal debts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Luis Arias requests that the Court enter judgment represent against WILMINGTON TRUST, N.A. SUCCESSOR TRUSTEE TO CITIBANK, N.A. AS TRUSTEE FOR BEAR STEARNS ALT-A TRUSTE 2006-4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 for:

 A. Declaratory relief that Defendant's collections action s violates the FDCPA as alleged;

 B. Declaratory relief that the Appointment of Substitution of Trustee which appoints Professional Foreclosure Corporation of Virginia as substitute

    trustee is void and of no legal effect and Order that the instrument be stricken from land records of Loudoun County

C.  Enter an Order finding the Defendants to have violated the FDCPA in all the counts listed in this complaint.

B.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

E.  Such other or further relief as the Court deems proper.

## PRAYER FOR TEMPORARY RESTRAINING ORDER

  WHEREFORE, Plaintiff seeks an injunction prohibiting the Defendants from any action which would result in Plaintiff being ousted from his lawfully owned property. By virtue of the foregoing, Defendants have not identified the Creditor or proved that they had foreclosed on the property in full compliance of the law..

  Plaintiff is threatened with immediate, irreparable harm if any of the Defendants are permitted to continue to lay claim to Plaintiff's property and commence any action to deprive Plaintiff of title or possession of the property. If Defendants are not stopped from commencing and/or pursuing any action to further their unlawful claims to an interest in the property, Plaintiff could and would thereby lose his home, a loss Plaintiff should not be permitted to suffer.

  Even if any of the Defendants can, at some point, prove that they are acting under claim of right and with rightful authority, any injuries each might suffer by the court granting a restraining order and preliminary injunction against them would be substantially less harmful than those which Plaintiff would suffer by the loss of his home. Accordingly, Plaintiff is entitled to a restraining order and preliminary and permanent injunctions against Defendant in this case, prohibiting to continue the unlawful detainer action pending at Fairfax County General District Court.

  By the actions above and allegations set forth herein, Plaintiff has strong likelihood of prevailing on the merits of this case. Plaintiff requests that this Court grant a restraining order and preliminary and permanent injunction precluding Defendants from engaging in the wrongful conduct identified herein in the future.

## RIGHT TO AMEND

Plaintiff hereby reserves the right to amend this lawsuit, including additional facts and/or causes of action as more information becomes available.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

_____
Luis Arias

STATE OF VIRGINIA, At Large

County of Fairfax, to wit:

I, the undersigned NOTARY PUBLIC in and for the State and County aforesaid, do hereby Certify that LUIS ARIAS whose name is signed to the foregoing documents, dated has acknowledged the same before me in my State and County aforesaid.

Given under my hand and seal this 31ST day of January 2019

_____
NOTARY PUBLIC

My commission expires:

[Notary Seal: JAIME B. PALACIOS, NOTARY PUBLIC, REG. #7663323, MY COMMISSION EXPIRES 03/31/2019, COMMONWEALTH OF VIRGINIA]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Luis Arias
_____
Plaintiff,

v.   Civil Action No. 1:19-CV-00115 (TSE/JFA)

Wilmington Trust N.A Successor Trustee to Citibank N.A As Trustee for bear Stearns ALT-A Trustee 2006-4 Mortgage Pass trough Certificates, Series 2006-4
Defendant.

**CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of this document.

Luis Arias
_____
Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)

**OR**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

Luis Arias
_____
(Name of *Pro Se* Party (Print or Type)

[signature]
_____
Signature of *Pro Se* Party

Executed on: _____ (Date)